# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GLORIA WHITING,

       Plaintiff,

       v.

OFFICER LARRY A. BONAZZA, OFFICER
AMBER PRICE, GARY HAVELKA, SMITH
TOWNSHIP and BURGETTSTOWN BOROUGH,

       Defendants.

Civil Action No. 09-1113

## MEMORANDUM OPINION

CONTI, District Judge.

### *Introduction*

Pending before this court are three motions to dismiss the complaint of *pro se* plaintiff Gloria Whiting ("Whiting" or "plaintiff"). (Docket No. 2.) On, September 30, 2009, a motion to dismiss was filed by defendant Gary Havelka ("Havelka") pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Docket No. 9.) On December 4, 2009, defendants Larry A. Bonazza ("Bonazza") and Smith Township also filed a motion to dismiss Whiting's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No.18.) On December 14, 2009, defendants Amber Price ("Price") and Burgettstown Borough together filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Docket No. 24.) Also pending is plaintiff's motion requesting a case management conference. (Docket No. 32.) For the

---

[1] Havelka, Bonazza, Smith Township, Price and Burgettstown Borough are collectively referred to in the memorandum opinion as defendants.

reasons set forth below, the motions to dismiss are granted, and the complaint is dismissed without prejudice. The court will grant plaintiff leave to amend the complaint. Plaintiff's motion requesting a case management conference is denied as moot.

## *Background*

Plaintiff, proceeding *in forma pauperis* and *pro se*, filed a complaint against defendants (Docket No. 2.) possibly pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983.[2] In plaintiff's complaint, there are no factual allegations to support her claims against defendants, plaintiff's one-page complaint lists monetary demands with respect to each defendant, and there are no factual allegations with respect to how plaintiff's rights were violated by any defendant.

In her one-page complaint, with respect to all defendants, plaintiff alleges a violation of her constitutional rights. (Pl.'s Compl. ¶ 1.) Plaintiff's claims against Bonazza are: "intentional false arrest, intentional infliction of severe emotional stress, intentional fabrication of evidence, malicious prosecution, harm to reputation, humiliation, excessive force, pain and suffering and violation of [her] constitutional rights." (Id. ¶ 2.) Plaintiff's allegations against Price are: "excessive force, violated [her] rights, humiliation, pain and suffering, and emotional stress." (Id. ¶ 3.) Plaintiff's charges against Havelka are: "violated [her] constitutional rights, ethical misconduct, intentional fabrication of evidence, intentional infliction of emotional stress, malicious prosecution, discriminatory treatment, not addressing citizen's complaint, failure to protect, and causing intentional pain and suffering." (Id. ¶ 4.) Plaintiff alleges Smith Township and Burgettstown Borough "violated [her] rights, failed to discipline police officers, ignored complaints, and [caused] pain and suffering." (Id. ¶¶ 5-6.)

---

[2] There is no express reference in the complaint to 42 U.S.C. § 1983. Based upon the allegations set forth in the complaint, however, it is possible plaintiff's intent was to bring claims pursuant to § 1983. Plaintiff may also be asserting some state law claims as well.

Plaintiff's complaint indicates that she is seeking damages from each defendant. (Id.) From Bonazza, plaintiff seeks $750,000 in damages. (Id.) Plaintiff seeks $500, 000 in damages from each of Price, Smith Township, and Burgettstown Borough. (Id.) Finally, plaintiff seeks $1,000,000 in damages from Havelka. (Id.)

Plaintiff presented minimal facts and conclusory allegations in her motion requesting denial of the motion for extension of time to answer filed by Price and Burgettstown Borough. (Docket No. 26.) In this document, plaintiff alleged that on June 16, 2008, she was falsely arrested and was injured when being placed in a police car by Price and Bonazza. (Id. ¶ 3.) Plaintiff asserted that Price and Bonazza used excessive force which caused injuries. (Id.) Plaintiff alleged she complained to Burgettstown Borough, but no action was taken to investigate the actions of the police officers. (Id. ¶ 4.) These allegations are conclusory in nature and were not alleged in the complaint.

Similarly, in Whiting's brief in support of her motion requesting a case management conference, she sets forth conclusory allegations with respect to Havelka. (Docket No. 33.) Plaintiff alleges Havelka violated the Code of Judicial Conduct and "treat[ed] litigants [sic] in an egregious and hostile manner." (Id. ¶ 2.) These allegations are not set forth in plaintiff's complaint.

### *Standard of Review*

A motion to dismiss tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views

them in a light most favorable to the plaintiff. U.S. Express Lines Ltd. V. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") motion to dismiss, a complaint must provide more than labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. at 1949 (quoting Twombly, 550 U.S. at 556) (internal citations omitted).

Two working principles underlie Twombly. Id. First, with respect to mere conclusory statements, a court need not accept as true all of the allegations contained in a complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Second, to survive a motion to dismiss, a claim must state a plausible claim for relief. Id. at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (citing Iqbal v. Hasty, 490 F.3d 143, 157-58 (2nd Cir. 2007)). A court considering a motion to dismiss may begin by

identifying pleadings that are not entitled to the assumption of truth because they are mere conclusions.

> While legal conclusions can provide the framework of the complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id.

*Pro se* plaintiffs are held to a less stringent standard than individuals represented by counsel. Federal Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008) ("*pro se* litigants are held to a lesser pleading standard than other parties"). A *pro se* plaintiff, however, is still required to adhere to standard rules of civil procedure. See McNeil v. United States, 508 U.S. 106, 113 (1993); Haines v. Kerner, 404 U.S. 519, 520 (1972). While the court must accept as true all factual allegations in a complaint, it "need not credit a complaint's . . . legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). Even though plaintiff is *pro se*, she must "set forth sufficient information to outline the elements of [her] claim." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990)). Thus, plaintiff is required to present enough factual allegations for the court, accepting those allegations as true, to determine whether there is a plausible claim that defendants violated plaintiff's federal rights. Id.

If a complaint does not comply with the standard rules of civil procedure, courts are to notify plaintiffs that they have leave to amend their complaints unless the amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)

5

(reversing district court for failing to grant plaintiff right to amend when the district court did not specifically find that granting leave to amend would be inequitable or futile). Allowing for amendment is consistent with Rule 15(a) of the Federal Rules of Civil Procedure, which provides "leave [to amend] shall be freely given when justice so requires." A court, however, may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility. In re Burlington Coat Factory Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). The standard of legal sufficiency set forth in Federal Rule of Civil Procedure 12(b)(6) determines whether a proposed amendment would be futile. In re Burlington Coat Factory Litig., 114 F.3d at 1434. An amendment is futile where the complaint, as amended, would fail to state a claim upon which relief could be granted. Id.; see Cowell v. Palmer Twp., 263 F.3d 286, 296 (3d Cir. 2001) (noting that failure to overcome the time bar of a statute of limitations renders a proposed amendment futile).

*Discussion*

Plaintiff is possibly bringing claims against defendants pursuant to 42 U.S.C. § 1983. To successfully establish a claim under 42 U.S.C. § 1983,[3] plaintiff must demonstrate that a person

---

[3] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

or entity intentionally deprived her of a federally protected right. See Bd. of the County Comm'rs of Bryant County v. Brown, 520 U.S. 397, 404 (1997). Plaintiff is required to establish two prongs to prevail on a claim under § 1983: (1) deprivation of a federal right and (2) "that the person who has deprived [her] of that right acted under color of state or territorial law." See Gomez v. Toledo, 446 U.S. 635, 640 (1980).

With respect to defendants, plaintiff made no factual allegations in support of any § 1983 claims and thus, failed to comply with the standard rule requirements for pleadings. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (holding that, "to prevent dismissal, complaints must set out 'sufficient factual matter' to show that the claim is facially plausible"); Bates v. Paul Kimball Hosp., 346 F. App'x 883 (3d Cir. 2009) (dismissing a complaint which was devoid of factual allegations). Defendants move to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. The motions must be granted because there are insufficient factual allegations in the complaint for the court to determine whether there are plausible federal claims.[4] To the extent plaintiff seeks to assert state law claims, there are also

---

[4] Plaintiff's claim against Havelka may be barred by the doctrine of immunity. As a magisterial district judge acting in his judicial capacity, Havelka is not a person who can be sued under § 1983. See Gallas v. Weldon v. Cywinski, 222 F. App'x 205, 207 (3d Cir. 2007) (holding district court "properly determined that [Pennsylvania] magistrate judge . . . was entitled to absolute judicial immunity . . . ."); Supreme Court of Pennsylvania, 211 F.3d 760, 772 (3d Cir. 2000) (granting absolute immunity to the Administrative Judge of the Family Division of the Court of Common Pleas); Basinger v. Wentz, No. 1:08-CV-1545, 2009 WL 1172708, at *3 (M.D. Pa. Apr. 29, 2009) (reviewing the responsibilities of Pennsylvania magisterial district judges, and holding that they are entitled to immunity for their judicial actions). This immunity is extended to judges because "the nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have," and to hold judges personally liable for their decisions would "manifestly detract from independent and impartial adjudication." Forrester v. White, 484 U.S. 219, 226-27 (1988). The Constitution grants sovereign immunity to individuals acting as an extension, or "arm" of the state. Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997). The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of any Foreign State." U.S. CONST. amend. XI. This amendment has been interpreted to extend immunity to nonconsenting states "from suits brought in federal court by its own citizens as well as by citizens of another state." See Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996). It is well established that Eleventh Amendment immunity is extended to judges, and it protects them from suits for money damages. See, e.g., Mireles v. Waco, 502 U.S. 9 (1991); Forrester, 484 U.S. 219. The immunity is not overcome even in the presence of allegations that the judge acted "with malice or bad faith." See Pierson v. Ray, 386 U.S. 547, 554 (1967). The only two circumstances in which a judge is not immune are when a judge acts outside of

insufficient factual allegations in the complaint for the court to conclude plausible state claims are stated.

## *Conclusion*

Plaintiff failed to allege sufficient facts in her complaint for the court to conclude plausible claims are stated. The motions to dismiss are therefore granted, and the complaint is dismissed without prejudice. The court will grant plaintiff leave to amend the complaint. Plaintiff shall have **thirty (30)** days from the date of the entry of this opinion and the accompanying order to file an amended complaint. Plaintiff's motion requesting a case management conference is denied as moot.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

Dated: July 2, 2010

---

his judicial capacity or acts in the absence of jurisdiction. See Mireles, 502 U.S. at 11-12 (citing Forrester, 484 U.S. at 227-29). Plaintiff failed to plead facts that suggest Havelka acted outside of his judicial capacity or in the absence of jurisdiction.