IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLORIA WHITING, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 09-1113 |
| ) | |
| OFFICER LARRY A. BONAZZA, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

**CONTI**, District Judge.

Pending before the court is a motion for reconsideration (ECF No. 103) filed by plaintiff Gloria Whiting ("plaintiff" or "Whiting"). Whiting requests the court's reconsideration or modification of a January 30, 2012 memorandum order in which the court granted a motion to dismiss plaintiff's second amended complaint with respect to certain defendants. As set forth below, because Whiting failed to establish sufficient grounds for reconsideration, the court will deny the motion.

*I. Background*

On August 21, 2009, plaintiff, proceeding *pro se*, filed her original complaint against several defendants (ECF No. 2) under 42 U.S.C. § 1983. (ECF No. 102 at 4.) Plaintiff alleged claims for civil rights violations by police officers with the Smith Township and Burgettstown Borough. On July 2, 2010, the court issued a memorandum opinion and order dismissing the complaint with leave to amend (ECF No. 34) because plaintiff failed to state plausible claims for relief. (ECF No. 102 at 4.) Plaintiff filed the amended complaint (ECF No. 36), which was dismissed on February 10, 2011 without prejudice as to all claims against the two municipal defendants and as to all claims, except claims for violations of the Fourth Amendment, i.e. use of

excessive force and unlawful arrest, without prejudice against the two police officers involved. (ECF No. 102 at 4.)  On April 19, 2011 the court granted Whiting leave to file a second amended complaint, which she filed on May 19, 2011 (ECF No. 67).  (ECF No. 102 at 5.)  In this second amended complaint, plaintiff reasserted claims against the municipal defendants, and for the first time included claims against the police chief of each municipality.  (Id. at 5.)

On January 30, 2012, after considering a motion to dismiss and plaintiff's response, the court entered a memorandum order dismissing Whiting's second amended complaint with respect to all claims alleged against the two municipalities and the two police chiefs.  (Id. at 2.)  As set forth more fully in that opinion, the court dismissed Whiting's claims against the police chief defendants "[b]ecause the statute of limitations bar[red] the claims alleged against the police chief defendants." (Id. at 5.)  The court stated, "the statute of limitations for a § 1983 claim is determined by the personal injury tort law of the state where the claim arose," in this case, Pennsylvania, which is two years.  (Id. at 6.)  Since a claim "accrues" at the time when the plaintiff knew, or should have known, of the injury upon which her action is based, the statute of limitations began for Whiting's claim on June 16, 2008 (the day of her arrest). (Id. at 6.)  The court ruled that statute of limitations on claims against the police chiefs had run because Whiting filed the second amended complaint on May 18, 2011, more than two years after the claim accrued.  The court further held those claims could not relate back to the filing of the original complaint, because, among other reasons, Whiting was aware of the police chief defendants' involvement at the time of the original complaint.  (Id. at 6-7.)

The January 30, 2012 memorandum order dismissed Whiting's claims against the municipal defendants because she "did not plead facts sufficient to state a claim against the municipal defendants for a custom of acquiescing to violations of constitutional rights." (Id. at

2

12.) The court refused to allow Whiting to "file a third amended complaint, granting her a fourth bite at the apple to state a claim" because it would be inequitable. (Id. at 12.)

## II. Standard of Review

"[A] judgment may be altered or amended[,]" if plaintiff "shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [ruled on] the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Bootay v. KBR, Inc., 437 F. App'x 140, 147 (3d Cir. 2011) (citing Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

## III. Discussion

The issue addressed in this opinion is whether the court should grant Whiting's Motion for Reconsideration (ECF No. 103). Whiting makes three arguments for why this court should grant the motion. First, plaintiff argues that the statute of limitations did not begin to run until she was found not guilty of the criminal charges against her. (ECF No. 103 at 1-2.) Second, plaintiff argues that the police chief defendants should not have been able to raise a statute of limitations defense in a motion to dismiss filed under Rule 12(b)(6). (Id. at 3.) Third, plaintiff asserts that she did in fact plead sufficient facts to show deliberate indifference to survive a motion to dismiss with respect to the municipal defendants. (Id.)

Whiting did not raise any intervening change in controlling law; therefore, the first of the three grounds for reconsideration is not applicable. Whiting did not bring to light any new evidence, not available at the time the court entered the memorandum order; therefore, the second of the three grounds for reconsideration is not applicable.

The only arguable ground for reconsideration, therefore, would be "the need to correct a clear error of law or fact or to prevent manifest injustice." Bootay, 437 F. App'x at 147. The

court, however, is not persuaded that this burden was met. Whiting's first argument, that the statute of limitations did not begin to run until she was found not guilty is unpersuasive and was addressed in the January 30, 2012 memorandum order.  This court recognized that "a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." (ECF No. 102 at 5 (citing Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009)).)  In Whiting's case, she is seeking to raise claims of false arrest and excessive force against the police chief defendants.  The injuries implicated in these claims happened at the time of her arrest; therefore, there is no need to account for the outcome of her criminal proceeding in the time line for the statute of limitations.  The court stated that June 16, 2008 (the day of Whiting's arrest) " is the date on which, accepting the well-pled facts of the second amended complaint, a reasonable person would have known or should have known her injury occurred." (Id. at 6.)  The court's conclusion with respect to the accrual of Whiting's claims was not erroneous.  See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998) (holding that § 1983 claims for false arrest and false imprisonment accrued on the night of the plaintiff's arrest); see also LeBlanc v. Snavely, 453 F. App'x 140, 142 (3d Cir. 2011) ("Claims for false arrest and assault (which would include [the plaintiff's] excessive force claim) typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury.").

      Second, this court already discussed why it was appropriate to address the statute of limitations defense raised in a Rule 12(b)(6) motion to dismiss.  "Although a statute of limitations defense cannot generally be raised in the context of a Rule 12(b)(6) motion to dismiss, an exception is made 'where the complaint *facially shows noncompliance* with the limitations period and the affirmative defense clearly appears on the face of the pleading.'" (ECF No. 102 at 6 (citing Oshiver v. Levin, Fishbein, Sedran, & Berman, 38 F.3d 1380, 1384 n. 1 (3d

Cir. 1994) (emphasis added)).) Given this court's determination that the accrual date of Whiting's claims was the date of her arrest, it is clear from the face of the complaint that Whiting's claims against the police chief defendants are barred by the two-year statute of limitations.

Finally, this court in the memorandum order addressed plaintiff's failure to plead sufficient facts to show deliberate indifference. Plaintiff did not allege any new facts in the motion for reconsideration, not found in the second amended complaint. She simply disputes, in a conclusory argument, the court's prior determination that the facts she alleged were insufficient. As this court previously concluded, the only facts plaintiff alleged to support deliberate indifference have no information to indicate when they happened; the court simply would have to speculate whether an alleged fact occurred prior to the time of her arrest. (ECF No. 102 at 12.) This court commented that "[n]early all of plaintiff's factual allegations either occur after her alleged injury, or the second amended complaint is silent as to their temporal relevance." (Id. at 12.) The court cannot find that there was any plausible claim pled against the municipal defendants in the second amended complaint.

*IV. Conclusion*

Finding no error in the January 30, 2012 memorandum order, for the reasons set forth above, and because plaintiff presented the court with no clear error in its prior decisions, the court will deny the motion for reconsideration.

*Order*

AND NOW, this 19th day of July, 2012, for the reasons set forth above, IT IS HEREBY ORDERED that the motion for reconsideration (ECF No. 103) filed by plaintiff Gloria Whiting is DENIED.

By the court,

  /s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge