## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLORIA J. WHITING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 09-1113 |
| | ) |
| LARRY A. BONAZZA and | ) |
| AMBER PRICE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

CONTI, District Judge.

**I.    INTRODUCTION**

Pending before the court is the *pro se* motion for summary judgment (ECF No. 137) filed by Gloria J. Whiting ("plaintiff" or "Whiting") seeking judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56 against Larry A. Bonazza ("Bonazza") and Amber Price ("Price," and together with Bonazza, "defendants") with respect to claims of false arrest and use of excessive force asserted by plaintiff in her second amended complaint. (ECF No. 67). Also before the court are the motions for summary judgment (ECF Nos. 110, 113) filed by each of the defendants, individually, with respect to all claims asserted in plaintiff's second amended complaint. Defendants additionally argue that plaintiff's claims are barred by qualified immunity.

Plaintiff's claims are asserted under 42 U.S.C. § 1983 (civil action for deprivation of rights), citing violations under the Fourth Amendment to the United States Constitution. This court exercises subject-matter jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. §

1331 (federal question jurisdiction) and § 1343 (civil rights). For the following reasons plaintiff's motion for summary judgment will be denied, and the motions for summary judgment filed by defendants will be granted.

**II.   PROCEDURAL AND FACTUAL BACKGROUND**

At the time of the events under consideration, plaintiff resided at 21 Colony Road, Burgettstown, Pennsylvania, and was sixty-seven years of age. (ECF No. 112 at 1; 139 at 8). Immediately adjacent to plaintiff's property was a vacant home owned – in name – by her son Frank Norman Whiting, at 23 Colony Road. (ECF No. 112 at 1 – 2; 112-3 at 40; 112-5; 141 at 12). Both properties faced a community playground and basketball court directly across the street. (ECF No. 112 at 2; 139 at 8; 143 at 6). On June 16, 2008, plaintiff called 9-1-1 emergency dispatch due to an allegedly hostile verbal altercation with a local youth using the basketball court. (ECF No. 112 at 2; 139 at 4, 8, 10; 141 at 16; 143 at 7).

Bonazza was an on-duty police officer with Smith Township – with which Burgettstown had a cooperative agreement – and responded to the call. (ECF Nos. 112 at 2, 5; 139 at 4). On or about 9:39 p.m. – approximately one-half hour after plaintiff's 9-1-1 call – Bonazza arrived in plaintiff's neighborhood, but stopped a few houses away to speak with one of plaintiff's neighbors – Glenn Latshaw. (ECF Nos. 98-7 at 8; 112 at 2 – 3; 112-6 at 3; 139 at 2 – 4, 6; 141 at 5, 14). Bonazza's police cruiser was within sight of plaintiff and her home. (ECF Nos. 98-7 at 8; 112 at 3; 112-2 at 18 – 19; 141 at 5). Bonazza made his way to plaintiff as she stood outside her home. (ECF Nos. 98-7 at 8; 112 at 3; 139 at 4; 141 at 5). A crowd from the neighborhood soon began to congregate near plaintiff and Bonazza. (ECF Nos. 98-7 at 8; 112 at 3; 112-2 at 22

– 23; 139 at 10 – 11). Heated exchanges began between plaintiff and several of her neighbors. (ECF Nos. 98-7 at 8; 112 at 3 – 4; 112-2 at 24 – 25; 112-6 at 9).

At some point, Bonazza asked plaintiff to return to her home. (ECF Nos. 98-7 at 8; 112 at 4; 112-3 at 10; 112-6 at 3). She did not comply with his request and instead demanded that he disperse the crowd that had assembled, which she believed was trespassing on her property. (ECF Nos. 98-7 at 8; 112 at 4; 112-2 at 26; 112-3 at 10; 139 at 8). The situation was quite heated. (ECF Nos. 98-7 at 8; 112 at 5; 112-2 at 27; 112-3 at 9). Bonazza contacted Burgettstown officer Price for assistance at approximately 10:14 p.m. (ECF Nos. 98-8 at 2; 112 at 4). Bonazza informed Price that he was having issues with plaintiff. (ECF Nos. 112 at 5; 112-2 at 26).

Plaintiff was told by Bonazza that she was going to be placed under arrest for disorderly conduct. (ECF Nos. 98-7 at 8; 112 at 5; 112-2 at 25 – 26). At the time, she was in the yard of 23 Colony Road. (ECF Nos. 112 at 3 – 5; 139 at 6; 141 at 8; 143 at 8). Upon the request of plaintiff, Bonazza allowed her to go to the front porch of the house at 23 Colony Road – where she had earlier been sitting – to retrieve her cell phone, and to contact someone to take care of her dog. (ECF Nos. 112 at 5; 112-2 at 28; 112-3 at 39). Upon her return to the street, Price took plaintiff into physical custody by turning plaintiff around, pushing her against a police cruiser, and placing her into handcuffs. (ECF Nos. 112 at 6; 112-2 at 28; 139 at 11; 141 at 3 – 4). Plaintiff asked that she not be placed in the back seat of the police cruiser for mental health reasons. (ECF Nos. 112 at 6; 139 at 1, 3; 141 at 1 – 2, 6; 143 at 1, 8). Plaintiff asked the officers to call a "Dr. DeRosa." Dr. DeRosa was her primary care physician and did not treat plaintiff for mental health problems. (ECF Nos. 112 at 6; 112-2 at 38; 112-3 at 17, 30; 139 at 1, 5; 141 at 2, 10, 18; 143 at 1, 4, 8). Defendants declined to do so, and after a few minutes of continued

pleading by plaintiff, Bonazza made plaintiff get into the cruiser – pushing her head down to avoid hitting the door as he forced her into the back seat. (ECF Nos. 112 at 6 – 7; 112-2 at 30 – 31; 139 at 1, 5; 141 at 2, 10, 18; 143 at 1, 10).

Plaintiff was transported to the Smith Township police station where Bonazza and Price filled out paperwork. (ECF Nos. 112 at 7; 139 at 5). The police chief of Smith Township allowed Bonazza to handcuff plaintiff's hands in front of her body to make her more comfortable. (ECF Nos. 112 at 7 – 8; 112-2 at 38, 139 at 2, 14; 141 at 4, 21, 23; 143 at 2, 9, 14). Plaintiff was transported to the Hanover Township police station for a video arraignment with the local magistrate. (ECF Nos. 112 at 8; 112-2 at 40; 141 at 21, 23). She was allowed extra time to go up and down stairs due to knee conditions. (ECF Nos. 112 at 7; 112-2 at 32). Plaintiff posted bail and was released from police custody on June 16, 2008. (ECF No. 123-15). Plaintiff was eventually found not guilty of the disorderly conduct charge. (ECF No. 123-11).

On August 21, 2009, plaintiff filed a complaint with this court. (ECF No. 2). The named defendants originally included Bonazza, Price, Bernie Larue (Smith Township's chief of police), George Roberts (Burgettstown's chief of police), Smith Township, Burgettstown Borough, and magistrate Gary Havelka. The court dismissed all defendants except Bonazza and Price. (ECF No. 102). On March 14, 2012, each defendant filed a motion for summary judgment. (ECF Nos. 110, 113). Responses were filed by plaintiff on July 19, 2012. (ECF Nos. 145, 147). On June 15, 2012, plaintiff filed her motion for summary judgment. (ECF No. 137). Defendants' responses were filed on July 16, 2012. (ECF Nos. 140, 142). The motions have been fully briefed.

### III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides in relevant part:

> **(a.) Motion for Summary Judgment or Partial Summary Judgment.**
>
> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court  should state on the record the reasons for granting or denying the motion.
>
> . . .
>
> **(c) Procedures.**
>
> > **(1)** *Supporting Factual Positions***.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> >
> > > **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or  declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> > >
> > > **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce  admissible evidence to support the fact.

FED. R. CIV. P. 56(a), (c)(1).

> Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

*Marten v. Godwin*, 499 F. 3d 290, 295 (3d Cir. 2007) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 – 23 (1986)).

An issue of material fact is in genuine dispute if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); s*ee Doe v. Abington Friends Sch.*, 480 F. 3d 252, 256 (3d Cir. 2007) ("A

genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof.") (citing *Anderson*, 477 U.S. at 248; *Celotex Corp.*, 477 U.S. at 322 – 23). The United States Supreme Court emphasized:

> "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"

*Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 – 87 (1986)).

In deciding a summary judgment motion, a court must view the facts in the light most favorable to the nonmoving party and must draw all reasonable inferences, and resolve all doubts in favor of the nonmoving party. *Doe*, 242 F. 3d at 446; *Woodside Sch. Dist. of Philadelphia Bd. of Educ.*, 248 F. 3d 129, 130 (3d Cir. 2001); *Heller v. Shaw Indus., Inc.*, 167 F. 3d 146, 151 (3d Cir. 1999). A court must not engage in credibility determinations at the summary judgment stage. *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F. 3d 639, 643 n.3 (3d Cir. 1998).

IV. DISCUSSION

    A. § 1983 Claims

Plaintiff asserts claims under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law….

Section 1983 provides a remedy for violations of constitutional rights, and enforceable rights, privileges, or immunities created by federal laws. *Pa. Pharmacists Ass'n v. Houstoun*, 283 F. 3d 531, 534 – 35 (3d Cir. 2002); *see Maine v. Thiboutot*, 448 U.S. 1, 4 (1980). To state a claim under § 1983, a plaintiff is required to show that an individual acting under color of state law violated the plaintiff's constitutional or statutory rights. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In her complaint, plaintiff argues that defendants are liable under § 1983 for injuries sustained through false arrest and use of excessive force in effectuating her arrest, in violation of her Fourth Amendment rights. (ECF No. 67). Plaintiff wishes the court to find that the facts adduced in discovery demonstrate that there is no genuine issue of material fact, and that she is entitled to favorable judgment regarding her claims. (ECF No. 137). Defendants counter that they are entitled to judgment as a matter of law, because plaintiff not only failed to satisfy the requirements for each of her claims, even when viewing the facts in the light most favorable to her, but because they are entitled to qualified immunity. (ECF Nos. 110, 113).

  B. *Fourth Amendment Violations*

Under the Fourth Amendment, citizens have the right "to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures . . . and no Warrants shall issue, but upon probable cause . . . ." U.S. Const. amend. IV. A warrantless arrest may be justified when it can be shown that probable cause to believe that a crime was being, or had been committed, existed. *Wright v. City of Phila.*, 409 F. 3d 595, 601 (3d Cir. 2005) (citing *Devenpeck v. Alford*, 543 U.S. 146 (2004)). An arrest, however, violates the Fourth Amendment if effected without probable cause or with an unreasonable use of force. *Barna v. City of Perth Amboy*, 42 F. 3d 809, 819 (3d Cir. 1994) (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Patzig v. O'Neil*, 577 F. 2d 841 (3d Cir. 1978)).

7

(1) *False Arrest Claim*

Plaintiff argues that she was the victim of a false arrest. To prove such a claim, she must establish: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F. 3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F. 3d 628, 634 (3d Cir. 1995); *Dowling v. City of Philadelphia*, 855 F. 2d 136, 141 (3d Cir. 1988)). In the present case, it is not disputed that plaintiff was detained as a result of her arrest by defendants. Here, the dispute arises with respect to whether there existed probable cause to arrest plaintiff at the outset.

Plaintiff was arrested for disorderly conduct. Under Pennsylvania law, that offense is defined as follows:

> **(a) Offense defined.**--A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
>
> (1) engages in fighting or threatening, or in violent or tumultuous behavior;
>
> (2) makes unreasonable noise;
>
> (3) uses obscene language, or makes an obscene gesture; or
>
> (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

18 PA. CONS. STAT. § 5503 (disorderly conduct). "[W]hether a defendant's words or acts rise to the level of disorderly conduct hinges upon whether they cause or unjustifiably risk a public disturbance. 'The cardinal feature of the crime of disorderly conduct is public unruliness which can or does lead to tumult and disorder.'" *Commonwealth v. Hock*, 728 A. 2d 943, 946 (Pa. 1999) (quoting *Commonwealth v. Greene*, 189 A. 2d 141, 144 (Pa. 1963)).

Plaintiff argues that probable cause was lacking because she never left her property, her acts were not of such a nature that she posed a risk to defendants or her neighbors, she did not

use profanity, she did not argue with the police, she was being threatened by her neighbors, and she only asked that her neighbors leave her property. (ECF Nos. 138 at 10 – 14; 146 at 10; 148 at 9 – 14). Defendants counter that plaintiff was not on her property throughout the ordeal, was believed to be harassing neighborhood children on the playground, was a primary contributor to the tumult of that evening, and refused to comply with Bonazza's request for her to return to her home. (ECF Nos. 111 at 6 – 8; 114 at 7 – 11; 140 at 5 – 6; 142 at 7 – 11). Given the heated nature of the situation and plaintiff's apparent unwillingness to work with the police, she was placed under arrest for disorderly conduct. (ECF Nos. 111 at 6 – 8; 114 at 7 – 11; 140 at 5 – 6; 142 at 7 – 11).

Probable cause exists when "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Reedy v. Evanson*, 615 F. 3d 197, 211 (3d Cir. 2010) (citing *Orsatti v. N.J. State Police*, 71 F. 3d 480, 483 (3d Cir. 1995)). The court must look to whether there was probable cause to make an arrest for any criminal offense that could have been charged under the circumstances. *Wright*, 409 F. 3d at 602 (citing *Barna*, 42 F. 2d at 819); s*ee Devenpeck v. Alford*, 543 U.S. 146, 153 – 54 (2004). The court must consider the totality of the circumstances. *Reedy*, 615 F. 3d at 211.

There exists substantial dispute about the exact nature of plaintiff's conduct as well as the conduct of defendants on the evening in question. Defendants paint a rather severe picture of the events that evening. Plaintiff was allegedly milling about the neighborhood – walking between her property at 21 Colony Road, the property owned by her son at 23 Colony Road, and the playground across the street from both – and was engaging neighbors in a shouting match over a playground curfew. (ECF Nos. 111 at 6 – 10; 114 at 9 – 11; 140 at 3 – 4, 6; 142 at 9 – 11).

Plaintiff also allegedly began shouting at neighbors to stay off of her property at 23 Colony Road, when it was allegedly not her property to control. (*Id.*). Plaintiff was only arrested after multiple requests for her to return to her home were ignored, and arguing between her and the neighbors escalated. (*Id.*).

In stark contrast to this account, plaintiff claims that she never left her property. (ECF No. 138 at 4). She averred that a power of attorney executed by her son placed 23 Colony Road under her control and that, in an attempt to harass her for complaining to local officials that the playground curfew should be enforced, neighbors trespassed onto 23 Colony Road and hurled insults and threats at plaintiff. (ECF Nos. 124-2 at 4 – 5; 138 at 4, 8). Plaintiff admitted that the arguments were heated, but claimed that she only requested that her neighbors leave her property, and was only asked by Bonazza to return to her home once before her arrest. (ECF Nos. 112-2 at 22 – 27; 138 at 8). Plaintiff stated that she had only called 9-1-1 because of harassment by a local youth, but that the situation had become a forum for certain neighbors to vent their anger at her for asking for a curfew to be enforced at the playground. (ECF Nos. 112-2 at 22 – 27). Bonazza – allegedly a friend of the harassing neighbors – did nothing to ameliorate the situation or to remove trespassing neighbors from plaintiff's property, opting instead to arrest plaintiff. (ECF Nos. 112-2 at 22 – 27).

Regardless of the exact contours of the relevant details surrounding the evening in question, what is undisputed is that plaintiff was involved in a heated, late-night exchange with her neighbors outside, the neighbors were – by plaintiff's own admission – threatening and angry, and plaintiff refused to heed Bonazza's order that she return to her home; instead, plaintiff opted to remain with the crowd and continue to confront her neighbors about their alleged trespass upon her property. Based upon what is undisputed, a trier of fact would have to find that

plaintiff – even if only recklessly – was disregarding a police officer's request to remove herself from a heated confrontation, and risked creating a more hazardous situation.  Even viewing the evidence in the light most favorable to plaintiff, it does not appear that defendants' arrest of plaintiff was without probable cause.

Of particular import to the court in coming to this conclusion, was the failure on plaintiff's part to provide adequate factual support for her allegations against defendants with respect to her false arrest claim.  The court recognizes that a *pro se* litigant is due a certain degree of leniency when construing his or her submissions, to "ensure that rules of pleadings and motions do not subvert the litigant's opportunity for a judicial remedy for wrongful conduct." *Smith v. Lindenmeyr Paper Co.*, No. Civ. A. 95-3973, 1997 WL 312077 at *2 (E.D. Pa. June 4, 1997) (citing *Haines v. Kerner*, 404 U.S. 419, 520 – 21 (1972)).  That said, "extending too much . . . leniency to a pro se litigant risks undermining the impartial role of the judge in the adversary system." *Mala v. Crown Bay Marina, Inc.*, 704 F. 3d 239, 244 (3d Cir. 2013) (citing Julie M. Bradlow, Comment, *Procedural Due Process Rights of Pro Se Litigants*, 55 U. CHI. L.REV. 659, 671 (1988)).  "[F]ederal courts treat pro se litigants the same as any other litigant." *Id.*

The treatment of litigants includes the fair application of rules dictating what must be provided by a party to support – and survive – a motion for summary judgment.  A litigant may not "rest upon the mere allegations or denials" of his or her pleadings, but must set forth specific facts in the form of depositions, documents, affidavits or declarations, stipulations, admissions, interrogatories, and other materials, to demonstrate the existence of a genuine issue of material fact.  *Marten v. Godwin*, 499 F. 3d 290, 295 (3d Cir. 2007) (citing Fed.R.Civ.P. 56(e); *Connors v. Fawn Min. Corp.*, 30 F. 3d 483, 489 (3d Cir. 1994)).  In her motion for summary judgment, responses to motions filed by the defendants, and concise statements of fact, plaintiff cites to

very little evidence in the forms noted above. Her "facts" are often only recitations of legal conclusions and claims made in her complaint. This is not sufficient to satisfy her burden at the summary judgment stage. As such, defendants are entitled to summary judgment on plaintiff's claim for false arrest.

(2) *Use of Excessive Force Claim*

Plaintiff next argues that her arrest violated the Fourth Amendment because defendants used excessive force when handcuffing her and forcing her into the back seat of a police cruiser, despite protestations due to mental health issues including anxiety and panic. (ECF No. 138 at 4 – 5, 14 – 15). Plaintiff claims that Bonazza drove recklessly despite plaintiff's anxiety and panic regarding sitting in the back seat of a car. (ECF No. 138 at 4 – 5, 14 – 15). Defendants assert that the totality of the circumstances justified the manner in which they arrested plaintiff and removed her from the scene, and that they reasonably accommodated plaintiff's needs. (ECF Nos. 111 at 10 – 14; 114 at 4 – 7; 140 at 4, 7 – 9; 142 at 5 – 7).

To establish the existence of excessive force, a plaintiff must show that a "seizure" occurred, and that the seizure was unreasonable. *Abraham v. Raso*, 183 F. 3d 279, 288 (3d Cir. 1999) (citing *Brower v. Cnty. of Inyo*, 489 U.S. 593, 599 (1989)). The court must apply an objective, "totality of the circumstances" analysis to determine whether the force used in effecting a seizure was reasonable. *Abraham*, 183 F. 3d at 289. The facts and circumstances faced by an officer at the moment of arrest, not the intention or motivation of the officer, determines the reasonableness of his or her use of force. *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)); s*ee Kopec v. Tate*, 361 F. 3d 772, 776 (3d Cir. 2004) ("if the use of force is objectively reasonable, an officer's good faith is irrelevant and any bad faith motivation on his part is immaterial"). Reasonable – though mistaken – use of force justified by the circumstances

as the officer observed them can justify a particular use of force. *Bennett v. Murphy*, 274 F. 3d 133, 138 (3d Cir. 2002).

Presently, the undisputed facts show that plaintiff was given the opportunity to return to the porch at 23 Colony Road to retrieve her cell phone and call someone to take care of her dog. (ECF Nos. 112-2 at 28; 112-3 at 39). When plaintiff returned to the street where defendants were standing, she was turned around by her arm, pushed against a police car, and handcuffed. (ECF No. 112-2 at 28). After a somewhat protracted attempt to avoid being placed in the back seat of the police cruiser, plaintiff was pushed into the car – Bonazza taking care not to hit plaintiff's head against the ceiling of the cruiser as he did so. (ECF No. 112-2 at 30 – 31).

Plaintiff provided no evidence to demonstrate that either defendant used any more force than necessary to place her into handcuffs and put her into the police cruiser. She provided the court with no evidence of injury. Plaintiff never complained to either defendant of the tightness of the handcuffs, and did not inform either defendant that she was having a panic attack requiring medical treatment. (ECF Nos. 112-3 at 2, 29). Plaintiff had no idea how fast Bonazza was driving his car. (ECF No. 112-2 at 40). Her hands were eventually cuffed in front of her body due to discomfort, and she was given ample time to walk stairs due to her knee issues. (ECF No. 112-2 at 32, 38).

The lack of physical injury does not preclude a finding of excessive force. *Velius v. Twp. of Hamilton*, 466 F. App'x 133, 137 (3d Cir. 2012). Even viewing the evidence in the light most favorable to plaintiff, the use of force in the present case, however, does not appear to have been unreasonable given its minimal nature. As noted, plaintiff made no mention of problems with her handcuffs, and was later allowed to be cuffed in front of her body for comfort. By her own admission, she was given ample time to use the stairs. Plaintiff was only forced into the

police cruiser after a period of pleading and noncompliance.  She was not detained for any extended period.

As with her claim for false arrest, plaintiff failed to make adequate averments of fact to support her motion for summary judgment, or to survive the motions filed by the defendants. While the court acknowledges plaintiff's *pro se* status, she still bears the responsibility of following the legal requirements for sustaining a proper motion for summary judgment. Similarly to her above claim for false arrest, there is no genuine issue of material fact regarding plaintiff's excessive force claim.  No reasonable jury could render a verdict in her favor on this claim.  Defendants are entitled to summary judgment with respect to the alleged excessive use of force.

### C. *Qualified Immunity*

Due to a lack of genuine issues of material fact with respect plaintiff's claims, and the court's determination that both defendants are entitled to summary judgment on those claims, the court need not reach the issue of qualified immunity.

### V. CONCLUSION

Based upon the foregoing, the § 1983 claims for false arrest and use of excessive force will not survive because probable cause existed to arrest plaintiff for disorderly conduct, and there was no evidence provided by plaintiff to demonstrate that defendants employed an unreasonable degree of force when placing plaintiff under arrest.  Plaintiff's *pro se* status does not excuse her failure to provide evidence as required under Federal Rule of Civil Procedure 56 to substantiate the claims made in her pleadings.

Accordingly, the court will grant defendants' motions for summary judgment with respect to all claims made by plaintiff in her second amended complaint, and deny plaintiff's motion for summary judgment. An appropriate order follows.

By the court,

<u>*s/ Joy Flowers Conti*</u>
Joy Flowers Conti
United States District Judge

Dated: March 14, 2013.